## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PAGÁN-HERMINA, ET AL.**,<br>    Plaintiffs,<br><br>            v.<br><br>**HOSPITAL DOCTOR SUSONI,<br>INCORPORADO, ET AL.**,<br>    Defendants. | CIV. NO. 20-1761 (MDM) |

### AMENDED OPINION AND ORDER

Plaintiffs lodged the present action against the medical center and medical staff that treated their father prior to his death, alleging medical malpractice and negligence under Puerto Rico law. Jurisdiction is premised on diversity of citizenship. The Plaintiffs are Francisco Pagán Hermina and Daniel Pagán Hermina ("Plaintiffs"). They both are Florida residents and are two of the three sons of the alleged wrongful death victim, Francisco Pagán Serrano ("Don Francisco"). All defendants are residents of Puerto Rico. Rafael Pagán Hermina is the third son of the deceased, and therefore, is also an heir to his father's estate. It is undisputed that he is domiciled in Puerto Rico, and therefore, his citizenship is non-diverse. In this suit, Plaintiffs' causes of action seek compensation for their own pain and suffering resulting from their father's unfortunate death, as well as compensation for the damages endured by their deceased father before his passing, a claim now inherited by all three brothers as heirs to their father's estate.

Presently before the Court is a motion to dismiss Plaintiffs' inherited survivorship cause of action for the damages suffered by their deceased father, filed by co-defendant Hospital Doctor Susoni, Inc. d/b/a Hospital Metropolitano Dr. Susoni (hereinafter the "Hospital").[1] (Docket No. 28). The Hospital contends that Plaintiffs'

---
[1] The motion was joined by co-defendant Dr. Christopher Vega-Acevedo.

survivorship claim requires the joinder of all heirs to the cause of action. More specifically, the Hospital maintains that because the third heir to Don Francisco's estate is a necessary and indispensable party pursuant to Federal Rule of Civil Procedure 19, the Court should dismiss the Plaintiffs' survivorship claim for lack of diversity jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) or 12(h)(3), because he is non-diverse. Plaintiffs opposed the motion to dismiss, arguing that Puerto Rico law and widely held precedent within this District command that all members of an estate need not be joined in a survivorship claim under Puerto Rico tort law. (Docket No. 29).[2]

## I. Standard of Review

Since federal courts are courts of limited jurisdiction, we must address jurisdictional matters prior to addressing the merits of a case. *Torres-Vázquez v. Commercial Union Ins. Co.*, 417 F. Supp. 2d 227, 233 (D.P.R. 2006) (citing *Spielman v. Genzyme Corp.*, 251 F.3d 1 (1st Cir. 2001)). Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(h)(3) additionally provides that at any time the court determines it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As a court of limited jurisdiction, this Court "may not presume the existence of subject matter jurisdiction, but, rather, must appraise [its] own authority to hear and determine particular cases." *Plaza Carolina Mall, L.P. v. Municipality of Barceloneta*, 91 F. Supp. 3d 267, 277 (D.P.R. 2015) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 712 (1st Cir. 1998)).

When federal jurisdiction is premised on the diversity statute, as it is here, courts must determine whether complete diversity exists among all plaintiffs and all defendants. *Casas Office Machines v. Mita Copystar America, Inc.,* 42 F.3d 668, 673 (1st Cir. 1994). Diversity must be complete in the sense that the citizenship of each

---

[2] It is undisputed that this Court has subject matter jurisdiction over Francisco Pagán Hermina and Daniel Pagán Hermina's individual claims for their own pain and suffering and economic damages as a result of losing their father to alleged negligence by the defendants. The Hospital concedes in its motion that it only seeks the dismissal of the Plaintiffs' survivorship claim, but not the dismissal of the Plaintiffs' individual claims for their personal damages.

plaintiff must be shown to be diverse from that of each defendant. *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 642 (1st Cir. 1995). Courts must "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." *Weinstein-Bacal v. Wendt-Hughes*, 2011 U.S. Dist. LEXIS 34799, 8 (D.P.R. Mar. 30, 2011) (internal citations omitted). Under Rule 12(b)(1) dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. *Ramos v. Rodríguez,* Civ. No. 10-1179 (JAG) 2011 WL 497945 (D.P.R. Feb. 8, 2011).

## II.    Discussion

The Hospital alleges that the Court lacks subject matter jurisdiction over the survivorship claim filed by the two named Plaintiffs in this case. Particularly, the Hospital observes that the claim for damages for the pain and suffering endured by Don Francisco prior to his death constitutes an inherited cause of action under Puerto Rico tort law that belongs to all heirs of Don Francisco's estate, including an absent heir to this suit, Rafael Pagán, a Puerto Rico resident. The Hospital argues that Rafael Pagán is a necessary and indispensable party to the survivorship claim under Fed. R. Civ. P. 19 (a) and 19(b), and as such, that claim cannot proceed without him. But because joinder of Rafael Pagán would defeat complete diversity, the Hospital maintains that dismissal of the survivorship action is warranted.

The Plaintiffs do not contest the fact that their father had another son, Rafael Pagán, who is not a party to this case and who resides in Puerto Rico and is thus non-diverse. Nevertheless, the Plaintiffs argue that under Rule 19, heirs to an estate are not considered indispensable parties in a survivorship action such that dismissal of the claim is warranted if, like here, all heirs are not included in the suit. The Plaintiffs further maintain that there is sufficient precedent in this District to support a finding that the absent heir, Rafael Pagán, is neither a necessary, nor indispensable, party to the survivorship claim filed by the Plaintiffs and, therefore, the dismissal of the claim is not compulsory.

### A. The Tort of Wrongful Death Under Article 1802

In Puerto Rico, the tort of wrongful death gives rise to two separate causes of action recognized under Article 1802 of the Puerto Rico Civil Code. *See,* P.R. LAWS ANN., tit. 31 § 5141. The first is the original victim's personal action for damages experienced by him or her prior to death and caused by the negligent or intentional act or omission of another person. *Cason v. Puerto Rico Elec. Power Auth.*, 770 F.3d 971, 974–75 (1st Cir. 2014). This action is known as a "survivorship action." The second tort action recognized under Article 1802 is the personal action that corresponds exclusively and by own right to the decedent's close relatives or any individual who personally suffers damages by virtue of the decedent's death, regardless of their status as an heir. *Id. See also, Widow of Delgado v. Boston Ins. Co.,* 1 P.R. Offic. Trans. 823, 825, 101 D.P.R. 598, 1973 WL 35626 (1973).

As to the survivorship action, an original victim's right to claim for serious damages resulting from the pain and suffering he or she experienced before his or her death "is a property privately owned, transmitted by his [or her] death to his [or her] heirs and claimable by the latter" as a part of their legal inheritance. *Id.* In line with this principle, the heirs of a decedent have an "unquestionable juridical and economical interest" in an inherited cause of action. *Id. See, Blas Toledo v. Hospital,* 146 D.P.R. 267 (1998); 98 J.T.S. 101, p. 1443; *Molina v. C.R.U.V.,* 114 D.P.R. 295, 313 (1983).

### B. Puerto Rico Inheritance Law

A decedent's estate under Puerto Rico inheritance law is called a "sucesión," which "is the transmission of rights and obligations of a deceased person to his [or her] heirs . . . The inheritance includes all of the property, rights and obligations of a person which are not extinguished by his [or her] death . . . and is transmitted . . . from the moment of his [or her] death." *Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon*, 728 F. Supp. 2d 14, 19 (D.P.R. 2010) (citing *Widow of Delgado*, 101 D.P.R. 598.) A "sucesión," or a decedent's estate, is not an entity distinct and separate from the persons composing it. *Arias-Rosado v. Gonzalez Tirado,* 111 F. Supp. 2d 96, 98-99

(D.P.R. 2000). A "sucesión" does not have existence by itself as a juridical person or entity on behalf of which a lawsuit can be brought. *Id. See, also, Pino Development Corporation v. Negron de Mendez,* 133 D.P.R. 373, 388, 1993 WL 840015 (1993); *Kogan v. Registrador,* 125 D.P.R. at 656; *Danz v. Suau,* 82 P.R.R. 591, 595 (1961).

To the contrary, with the "simple acceptance" of the estate, each heir acquires an independent right over the estate and the abstract portion of the estate that belongs to him/her immediately enters his/her patrimony as an independent and autonomous value that only belongs to him/her, and of which he/she can dispose of with total liberty. *Kogan,* 125 D.P.R. at 652. That is precisely why an heir has an unquestionable juridical and economic interest in a survivorship cause of action. *Widow of Delgado, supra.*

    C.    <u>Differing Views in the Matter of Joinder in a Survivorship Action</u>

The Plaintiffs and the Hospital both dispute whether all the heirs to Don Francisco's estate must be joined as parties under Fed. R. Civ. P. 19 because the Plaintiffs have asserted an inherited survivorship action. Indeed, that question is particularly relevant here because subject matter jurisdiction is premised solely on diversity. As noted above, one heir to Don Francisco's estate, Rafael Pagán, is not a named plaintiff in this action. If the Court finds that he is an indispensable party who must be joined in this suit, his joinder will destroy diversity jurisdiction and the dismissal of the survivorship action would naturally follow.

The question of whether all heirs must be joined as parties to a diversity suit asserting a survivorship action has been addressed on multiple occasions by the District Court in Puerto Rico, and there is a clear split in authority as to the question of whether an absent heir is an indispensable party to a survivorship claim under Fed. R. Civ. P. 19. *See, Cason v. Puerto Rico Elec. Power Auth.*, 770 F.3d 971, 975 (1st Cir. 2014). According to the Plaintiffs, however, the long-standing norm in this District, and the prevailing law in Puerto Rico, is that all heirs are *not* indispensable parties for bringing forth an inherited cause of action on behalf of the decedent in a

civil tort case. *See, e.g., Cintron v. San Juan Gas, Inc.*, 79 F. Supp. 2d 16, 19 (D.P.R. 1999); *Arias-Rosado v. Gonzalez Tirado*, 111 F. Supp. 2d 96, 99 (D.P.R 2000); *Ruiz-Hance v. Puerto Rico Aqueduct & Sewer Auth.*, 596 F. Supp. 2d 223, 229-30 (D.P.R. 2009); *Martinez Alvarez v. Ryder Mem'l Hosp., Inc.*, No. 09-2038, 2010 WL 3431653 at *18, n9 (D.P.R. Aug. 31, 2010); *Rodriguez v. Integrand Assur. Co.*, No. 10-1476 2011 WL 3439260 at *3 (D.P.R Aug. 5, 2011). Plaintiffs further observe that the position that all heirs to a decedent's estate are *not* indispensable parties derives "from the premise that any judgment in favor of one or more of the heirs benefits all other heirs to the estate, while any adverse judgment is only prejudicial to the individual or individuals who filed the lawsuit." *See, Betancourt v. United States of America*, 2014 WL 5846745 at *2, citing *Jimenez-Franceshini*, No. 12-1504 (ADC) (D.P.R. March 31, 2014).

In the case of *Arias-Rosado,* 111 F. Supp. 2d 96, for instance, Judge Gierbolini held that the citizenship of the daughter of the deceased (the plaintiff) should be utilized to determine diversity jurisdiction and that the other members of the deceased's estate (who were absent from the litigation) were not indispensable parties to the survivorship cause of action. Judge Gierbolini anchored his ruling on the Puerto Rico Supreme Court case, *Tropigas v. Tribunal Superior*, 102 D.P.R. 630, 639 (1974). In *Tropigas*, the Puerto Rico Supreme Court cited to several commentators of the Spanish Civil Code to support its finding that *any* of a decedent's heirs may exercise an inherited action because it will necessarily benefit all the other heirs. The Court found that as long as the estate remains undivided, each one of the heirs "may exercise the actions corresponding to the deceased, provided they result in benefit of the estate, and not in prejudice of the other co-heirs." *Tropigas,* 102 D.P.R. 630 (citing VI–I Castán, *Derecho Civil Español, Común y Foral,* 1960 ed., p. 247). The Court then recognized another commentator who wrote that an heir who exercises the right of the decedent does not acquire anything for himself or herself, but rather acquires damages in favor of the inheritance. *Id.* (citing XII Scaevola, *Código Civil,* Book III,

Tit. III, 1950 ed., 55). *See, Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon*, 728 F. Supp. 2d 14, 23 (D.P.R. 2010).

Moreover, in *Tropigas*, the Puerto Rico Supreme Court observed that "it is the Supreme Court [of Spain]'s jurisprudence that *any one of the co-heirs may exercise those actions belonging to the decedent in benefit of the common estate [. . .].*" *Tropigas*, *supra*. The Puerto Rico Supreme Court therefore ruled in favor of allowing *one* of the co-heirs, in said case, the decedent's widow, to assert the survivorship cause of action in representation of the estate. In the case at hand, the Plaintiffs argue that since *Tropigas* reiterated an heir's right to pursue an inherited claim on his/her own, without requiring the other heirs to participate in the suit, there is essentially no real basis to find absent heirs to be necessary and indispensable parties to the instant survivorship action.

The *Arias-Rosado* holding of Judge Gierbolini was then followed again in *Rodríguez Rivera v. Rivera Ríos*, 2009 WL 564221 (D.P.R. 2001). There, the Court concluded that "[i]n a wrongful death suit, absentee heirs are not necessary parties under Rule 19(a). Moreover, even if they were necessary parties, they are not indispensable." *Id*. (emphasis added) (citing *Cintrón*, 79 F. Supp. 2d at 19) (citing *Pujol v. Shearson/American Express, Inc.,* 877 F.2d 132, 135 (1st Cir. 1989) (citations omitted)); (citing *Arias-Rosado*, supra.) *Arias-Rosado* was again quoted and followed by Judge Pérez-Giménez in *Ruiz Hance v. Puerto Rico Aqueduct and Sewer Authority*, 596 F. Supp. 2d 223 (D.P.R. 2009). The Court then reiterated that each heir acquired an independent right to pursue a survivorship claim. Furthermore, "a favorable judgment to [one heir] will be dispositive of the survivorship claim and benefit the absent heirs. However, an unfavorable judgment will only prejudice [one heir] and not the absent heirs who still will have available the suit filed in state court wherein they asserted the survivorship claim." *Ruiz-Hance*, 596 F. Supp. 2d at 230 (quoting *Arias-Rosado*, 111 F. Supp. 2d at 99).

Similar to this view, moreover, in *Muñiz-Mercado v. Hospital Buen Samaritano*, 2010 WL 4237923, *1 (D.P.R. 2010), when the defendant failed to "demonstrate how the remaining heirs . . . would be prejudiced if [the Court] rule[d] on the merits of Plaintiff's claim," Judge Fusté denied the defendant's Rule 19(b) motion. In so doing, the Court allowed a single heir to prosecute the survivorship claim despite the fact that there were additional heirs (not appearing as plaintiffs) that would have otherwise destroyed the Court's diversity jurisdiction. *Id.* That same year, Judge Jaime Pieras, also found that absent heirs were not necessary parties pursuant to Rule 19. *See, Martínez-Alvarez v. Ryder Mem. Hosp.*, 2010 WL 3431653 (D.P.R 2010). Following the reasoning of *Arias-Rosado*, Judge Pieras concluded that individual members of an estate may bring a cause of action without the totality of the members of the estate as parties.

Though the matter appeared to be settled in this District, a contrary view was adopted for the first time in 2010, in the case of *Cruz Gascot v. HIMA San Pablo, et al*, 728 F. Supp. 2d 14 (D.P.R. 2010), in which the Court dismissed a survivorship claim reasoning that all heirs are indispensable parties to the claim. The analysis behind the *Cruz Gascot* decision being that all heirs are equal titleholders of the decedent's estate and therefore all heirs to an estate are indispensable because "their interests could be prejudiced by the proceedings to which they were not parties." *Id.* The view adopted by *Cruz-Gascot* emphasizes, for example, that settlement of a state law claim may be prejudiced by an adverse judgment in federal court and that there is a risk that a defendant may face double liability for the same harm in state court and federal court. *Id.* at 28.

The Court in *Cruz Gascot* also appeared to take particular issue with the plaintiffs' apparent strategy to retain diversity jurisdiction by "dropping" from the suit non-diverse heirs that would have defeated diversity. The Court gave a thumbs down to what it characterized as a strategic dropping of a non-diverse party and a "maneuver" to create diversity when a plaintiff knows it may not originally exist if all heirs appeared as co-plaintiffs. *Id.* The Court disapproved of such "manipulation"

of diversity jurisdiction and concluded that applying this District's logic in *Arias–Rosado, Rodríguez–Rivera,* and *Ruiz–Hance* at "face value" leads to an incongruous result. *Cruz-Gascot*, 728 F. Supp. 2d at 24. In the Court's view, by dropping a non-diverse heir, plaintiffs now enjoyed federal jurisdiction and awarded "something of a free shot for the non-diverse heirs. Success inures to their benefit while failure is costless." *Id.* (citing *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 26 (1st Cir. 2010).

One year later, in *Rodríguez v. Integrand Assurance Company*, 2011 WL 3439260 (D.P.R. 2011), Judge García-Gregory again followed the *Arias-Rosado* precedent, despite the opinion issued by Judge Besosa in *Cruz-Gascot* the year before, and, among other things, ruled yet again that non-diverse heirs were not indispensable parties. More recently, however, other judges have chosen to follow *Cruz-Gascot's* reasoning. *See, e.g., Segura Sánchez v. Hospital General Menonita, Inc. et al.*, 953 F. Supp. 2d 344 (D.P.R. 2013); *Pagán–Ortiz v. Carlo–Domínguez,* 977 F. Supp. 2d 106 (D.P.R. 2013) (Gelpí, J.)) (vacated on reconsideration); *Reyes–Ortíz v. HIMA San Pablo–Bayamón,* No. 11–1273 (PAD) (D.P.R. June 16, 2014) (Delgado–Hernández, J.); *Betancourt v. United States*, No. 12-1326 (MEL), 2014 U.S. Dist. LEXIS 160214, at \*4-\*8 (D.P.R. Nov. 12, 2014); *Jiménez–Franceshini,* No. 12–1504 (ADC) (D.P.R. March 31, 2014) (Delgado–Colón, J.); *González v. Presbyterian Community Hosp., Inc.*, 103 F. Supp. 3d 198 (2015) (PAD); *Caraballo v. Hospital Pavia*, 2017 WL 124872 (2017) (DRD).

The First Circuit has noted the split between judges in this District but has not decisively ruled on the matter of indispensability of absent heirs to a survivorship action because it has not been directly presented with the issue. *See, Delgado-Caraballo v. Hosp. Pavía Hato Rey, Inc.*, 889 F.3d 30, 35 (1st Cir. 2018); *Cason v. Puerto Rico Elec. Power Auth.*, 770 F.3d 971, 975–76 (1st Cir. 2014); *Jiménez v. Rodríguez-Pagán*, 597 F.3d 18, 27 (1st Cir. 2010). Without deciding the matter, the First Circuit has noted, however, that it "harbor[ed] *considerable skepticism*" that "non-diverse [absent] heirs remain indispensable" parties under Rule 19 to a wrongful death suit. *See, Jiménez,* at 23.

### D. Standard for Rule 19 Joinder

Coming back to the litigation at hand, and to summarize, the Hospital argues that the absent heir, Rafael Pagán, is a necessary and indispensable party pursuant to Fed. R. Civ. P. 19 who must be joined to the survivorship action, if feasible. Of course, joining him as a plaintiff is not feasible because he resides in Puerto Rico and would thus divest the Court of diversity jurisdiction. The dismissal of the survivorship cause of action would then have to follow.

To determine if someone is a necessary party, courts "decide whether a person fits the definition of those who should 'be joined if feasible' under Rule 19(a)." *Pujol,* 877 F.2d at 134. Pursuant to Rule 19, a necessary party is one: "(1) without whom the court cannot accord complete relief; or (2) who claims an interest relating to the subject of the action and is situated such that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest; or (3) whose claimed interest in the subject of the action would leave defendants subject to substantial risk of incurring multiple or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1).

"If the court determines that someone is a necessary party under Rule 19(a) but one that cannot be feasibly joined, then the court proceeds under Rule 19(b)." Fed. R. Civ. P. 19(b). *See, Cruz-Gascot*, 728 F. Supp. 2d at 26–27. Parties cannot be indispensable under Rule 19(b) unless they are first deemed necessary under Rule 19(a). By way of the second inquiry, "the court determines whether or not the party is 'indispensable.'" *In re Cambridge Biotech Corp.,* 186 F.3d at 1372 (quoting *Pujol,* 877 F. 2d at 134). The "critical question" in the Rule 19(b) context is "'whether in equity and good conscience' the action may proceed in [the party]'s absence" or should be dismissed. *See, Delgado v. Plaza Las Americas, Inc.,* 139 F.3d 1, 3 n.2 (1st Cir. 1998).

### E. The Court's Decision

To start, pursuant to Rule 19(a), the Court must decide whether, in the absence of the Plaintiffs' brother and co-heir, Rafael Pagán, complete relief can be accorded to Plaintiffs with respect to the survivorship action; whether Rafael Pagán has an interest relating to the subject matter of this federal action and is so situated that disposing of the action may impair or impede his ability to protect his interests; and whether the defendants would be subject to a substantial risk of incurring multiple or otherwise inconsistent obligations if this case is allowed to proceed without joining the absent heir. If the Court finds that Rafael Pagán is a "necessary" party, then the Court must determine whether he is "indispensable" under Rule 19(b), which requires the Court to answer whether in equity and good conscience the action may proceed in his absence.

On one hand, the Hospital argues that Rafael Pagán is a necessary and indispensable party to the survivorship action and should therefore be joined to this litigation under Rule 19 because the survivorship action derives its existence from the rights of the decedent, Don Francisco, and is not an individual claim of any plaintiff. As such, the Court could not accord complete relief among the existing parties in the absence of all heirs. On the other hand, Plaintiffs maintain that there is sufficient precedent in the Supreme Court of Puerto Rico and this District to support a finding that the absent heir, Rafael Pagán, is not a necessary or indispensable party for purposes of the survivorship cause of action and his interests in the claim will not be harmed if the suit proceeds in his absence.

The Court carefully evaluated the parties' positions on the issue of joinder of all heirs to a survivorship cause of action in a tort suit, and thoroughly examined the conflicting case law dividing this District. In the absence of a binding resolution to the split of authority, the undersigned finds the opinion that absent heirs are not necessary nor indispensable parties to a survivorship action to be more persuasive. The Court therefore adopts the Supreme Court of Puerto Rico's reasoning first

established in *Tropigas* and Judge Gierbolini's opinion in *Arias-Rosado,* as well as the subsequent District Court cases adopting that opinion.

In this Court's view, the fact that the estate, or "sucesión," is not an entity separate and apart from its members does not mean that all of its participants must always appear together to assert or defend matters affecting the estate in benefit of the common estate. On the contrary, the Supreme Court of Puerto Rico has consistently held that being a "sucesión," namely a compulsory community of property and rights, any of the heirs or part thereof may appear at the trial to defend his/her common rights. *Tropigas,* 102 D.P.R. at 641. If an heir prevails on a common right to the estate, his or her victory is for the benefit of all the co-heirs. *See, Danz*, 82 P.R.R. at 595; *Cintron v. San Juan Gas*, 79 F. Supp. 2d 16, 19 (D.P.R. 1999).

In addition, under Puerto Rico law, no individual heir is the "sole and exclusive owner of any particular portion" of the undivided estate, nor does any individual heir have any "specific right to certain properties" of the estate. *Velilla*, 17 P.R.R. at 1074. Any one of the individual co-heirs who exercises the right of the decedent does so without acquiring anything for himself or herself, and instead acquires damages in favor of the inheritance or "sucesión." Furthermore, an inherited action such as the one for the pain and suffering of the decedent is "a personal action of the original victim of the accident for the damages that the same suffered." *Widow of Delgado*, 1 P.R. Offic. Trans. 823, 101 D.P.R. 598. As such, it is *one* cause of action that belongs indivisibly to all the members of the estate and, accordingly, a favorable judgment with respect to such claim "belong[s] to the undivided estate," and, ergo, benefits all heirs, regardless of whether all heirs exercised it. *See, Jiménez*, 597 F.3d at 26.

In the present litigation, all heirs to Don Francisco's estate, including the absent heir, indeed have an interest relating to the subject of the federal suit. This does not lead to a conclusion, however, that the Court's disposition of the survivorship action in the absence of Rafael Pagán, the absent heir, will impair or impede his ability to protect that interest. More specifically, as this Court has found, a judgment in favor of the survivorship claim will benefit *all* heirs, including the absent heir.

*Arias-Rosado*, *supra*. Accordingly, as Judge Gierbolini opined, "it is beyond any doubt that complete relief may be accorded in this case in the absence of the non-diverse heirs." *Arias-Rosado*, *supra*. And, in the event of an adverse judgment, it "only prejudices the one who filed the judicial action." *Id. Danz*, 82 P.R.R. at 594; *Pérez v. Cancel*, 76 D.P.R. 667, 675, 1954 WL 10814 (1954).

This means that a favorable judgment for the Plaintiffs in this case on the survivorship action will be dispositive of such claim and will benefit the estate as a whole, which of course benefits Rafael Pagán, who is not a plaintiff here. However, an unfavorable judgment to Plaintiffs will only prejudice them and not the absent heir who will still have the option of exercising the survivorship action in state court if he so chooses. The First Circuit perhaps summarized this situation best when it observed that "it appears that the federal suit here is something of a free shot for the non-diverse heirs. Success inures to their benefit while failure is costless." *Jiménez*, 597 F.3d at 26. Taking the reasoning of *Arias-Rosado, Rodríguez-Rivera, Ruiz-Hance*, and *Cintron*, at face value, the First Circuit then correctly emphasized the following:

> Surely there can be no impairment [to the absent heirs] when they stand to lose nothing. If the plaintiffs are providing a correct statement of the local law, they would appear to be the best of all possible representatives for the absentees' interests: the kind that may very well help but cannot hurt. *See Tell,* 145 F.3d at 419 ("If an absent party's interests are the same as those of an existing party, and the existing party will adequately protect those interests, this bears on whether the absent party's interest will be impaired by its absence from the litigation.").

*Jiménez*, 597 F.3d at 26.[3]

---

[3] It bears to mention that, in *Jimenez,* a widow and one heir filed a diversity action against property owners, seeking contractual proceeds from the sale of apartments and enforcement of an option to purchase a penthouse apartment, amongst other relief. The District Court granted the property owners' motion to dismiss for failure to include an indispensable party. The widow appealed. To be sure, the suit did not involve a survivorship action under Puerto Rico tort law like the one before the Court here. On appeal, therefore, the First Circuit's ability to adjudicate the joinder issue in *Jiménez* was hampered by what it deemed the "unsettled state of governing Puerto Rico law" on the specific matter before it. The First Circuit was hesitant to apply the cases cited by the plaintiffs, which "sounded exclusively in tort," when, by contrast, the matter it was deciding was premised under Puerto Rico contract law, not tort. The First Circuit therefore declined to extend tort law to

Based on the foregoing, the Court understands that there is no material risk here that the interest of the absent heir may be impaired or not well protected when his brothers are exercising their deceased father's survivorship action. The Court trusts that the Plaintiffs and the absent heir have identical interests in the survivorship action, namely, to succeed in the claim and, in turn, be granted the highest compensation they can achieve in order to recover the damages suffered by their late father prior to his passing. The Court also believes that any heir asserting a survivorship claim who chooses to go through the trouble of filing a suit to defend his or her rights in the estate, surely will adequately protect the interests of the estate of which they belong, and will indeed try to succeed in that claim. Otherwise, why would they file suit in the first place? As such, any heir that asserts a survivorship action, naturally brings the claim in benefit of the common estate.

Furthermore, given the nature of a survivorship claim, an action belonging to the decedent in benefit of the common estate, any one heir should be able to exercise the decedent's cause of action because the interests of all heirs are one in the same. Any monetary award that the appearing heirs receive as a result of a favorable judgment as to the survivorship action would benefit the estate by increasing the estate's value, which obviously benefits all heirs, including any absent one. Accordingly, this Court believes that the absent heir's interest will not be impaired by his or her absence from the litigation because the absent heir's interests are the same as those of the existing parties—his brothers—who are here exercising the survivorship action in benefit of Don Francisco's common estate and not on their own behalf.

The Court in *Cruz Gascot,* however, views it differently. There, the Court found that the absent heirs *may* be harmed by being deprived of the opportunity to participate in the federal proceeding for the survivorship action, a proceeding in

---

contract claims and found it was ill equipped to rule on the underlying question of Puerto Rico law. The First Circuit then stated that "[u]nder different circumstances . . . [it] would consider certifying the underlying question to the Supreme Court of Puerto Rico." *Id.* at 27. In the end, however, it did not certify the question because it resolved the case on other grounds. *Jiménez*, 597 F.3d at 26.

which they have a definite interest. True enough, the absent heirs in *Cruz-Gascot* wanted to participate in the federal suit so much so that they were among the group of original plaintiffs. In the course of the litigation, however, they voluntarily dismissed their claims because their presence as plaintiffs was challenged on diversity grounds. Ironically, what deprived the absent heirs from "participating" in the federal action and having a stake in the litigation of the survivorship action was the Court's finding that they were indispensable to the suit. The Court thus dismissed the survivorship action. It is curious that by requiring the non-diverse absent heirs to join the suit under the guise of protecting their interests, the absent heirs were actually harmed by the dismissal of the suit. In the end, the estate as a whole (not just the absent individual heirs) was deprived of the opportunity to exercise the survivorship action of the decedent, which the estate chose to assert in federal court represented by some, but less than all, of its members.

In any case, moving on, this Court also recognizes that some judges in this District have found, for example, that absent heirs might be prejudiced if a survivorship action is exercised in their absence because, any form of settlement by plaintiffs could entail an act of alteration of the inheritance, as it may reduce the amount of damages to be inherited. *See, Cruz-Gascot*, 728 F. Supp. 2d at 26. An act of alteration in the context of property law cannot be made without the consent of all co-proprietors. *Id*. This Court, however, is not persuaded by this reasoning, which equates the exercise of a survivorship action (a tort claim for a decedent's damages) with an act of alteration in a community of property under Puerto Rico *property* law. But even if we were to follow *Cruz-Gascot's* analogy and equate tort and inheritance law to property law and say, for arguments' sake, that heirs are akin to title holders in a community of property that is not a "sucesión," this Court is of the opinion that exercising a survivorship action more closely resembles an act of administration of the estate, as opposed to one of alteration. A survivorship action, for all intents and purposes, falls under an act of administration because, by definition, it permits a thing—the estate—to increase in value in the event of a favorable judgment, which

naturally benefits all heirs, without taking any risk or suffering any loss. In other words, a win in a survivorship action entails a monetary compensation. That means the *addition* of assets to the estate as a whole, assets that were not previously there. Under Puerto Rico inheritance law, each individual heir will undoubtedly receive his or her rightful portion of the estate when it is divided. An unfavorable judgment, however, preserves the present value of the estate—the *status quo*—and does not entail suffering a loss because the value of the estate would remain the same as it was prior to filing the action. With an adverse judgment in a survivorship action, therefore, there appears to be no risk of disposal, loss, or negative modification in the form, substance, material, or value of the estate. *See,* 31 L.P.R.A. § 1276.

Judges who opine that all heirs are indispensable parties to a survivorship action have also found that allowing such claim to continue in the absence of co-heirs could incentivize future heirs to bring causes of action before a court without notifying all of the necessary parties and increase the likelihood of inconsistent verdicts. *See, e.g., Rodriguez Murphy v. United States,* Civ. No. 17-1841 (MEL) 2019 WL 3776808 (D.P.R. Aug. 9, 2019). But then again "the mere possibility of inconsistent results in separate actions does not make the plaintiff in each action a necessary party to the other." *Plaza Las Americas,* 139 F.3d at 3. The important consideration here is the possibility of subjecting a defendant to "a double or otherwise inconsistent liability." *See,* Fed. R. Civ. P. 19 advisory committee note. *Cruz-Gascot,* 728 F. Supp. 2d at 29.

In this Court's view, it all goes back to the basic Spanish and Puerto Rico law principle that any one of the co-heirs may exercise those actions belonging to the decedent in benefit of the common estate and a favorable judgment will be dispositive of the survivorship claim and benefit the common estate, while an adverse judgment is costless for the absent heir. So, if a co-heir obtains a favorable judgment in federal court with respect to a survivorship action, which again, is *one* cause of action corresponding to the deceased, such judgment will be dispositive of that claim because it would have been litigated on the merits. By contrast, if there is an unfavorable judgment to the estate in federal court, and the defendant wins, the defendant may

indeed be subjected to another lawsuit in state court because the federal adverse judgment would only prejudice the appearing plaintiffs and not the absent heir who may still choose to exercise the survivorship action in state court. In that scenario, however, if the absent heir decides to file suit in state court (to try to succeed on the decedent's claim this time around) and the defendant is now found liable (for the first time) the defendant would then have to pay compensatory damages to the estate (for the first time) and the judgment would be dispositive of the claim. It appears, therefore, that there is no material risk that the defendant could incur in double or inconsistent obligations because it had not been found liable earlier in federal court and therefore did not incur in any obligation in that previous federal litigation. Accordingly, under whichever scenario of any one heir exercising a survivorship action in federal court and obtaining *either* a favorable or unfavorable federal judgment, the possibility of subjecting the defendant to double or inconsistent obligations is remote indeed, if any at all, and not sufficient to support a finding that all heirs are necessary or indispensable parties to a survivorship action.

Another important consideration that has caught the attention of the Court is what would happen if, for whatever reason, one or more heirs are *not* interested in pursuing, or are unavailable to pursue, a survivorship action. Indeed, all heirs have a right to exercise such claim, but they are not obligated to do so. So, what happens if the heirs are divided on the correct course of action to take with respect to a survivorship action, with some heirs wanting to pursue the claim, others objecting to pursuing the claim, or perhaps others unavailable to pursue the claim. In this situation, which is surely plausible, a finding that all heirs are indispensable under Rule 19, when some heirs simply chose not to file suit, or perhaps cannot file suit, would indeed be prejudicial, if not fatal, to the estate as a whole and to any one of the co-heirs who want to exercise the action but are otherwise prevented from doing so. Accordingly, in this situation, an unconditional rule requiring all heirs to file suit in order to assert a survivorship action could be a mortal blow to the interests of the estate.

This analysis gives the Court pause because an absolute rule mandating the joinder of all heirs to a survivorship action creates a considerable requirement for the members of the estate, which, if they fail to meet, will create an unearned windfall for a tortfeasor and will create a random impediment for an estate to be able to seek redress for a decedent's pain and suffering.

Additionally, the Court weighs the fact that, in the case at hand, unlike what the Court found in *Cruz-Gascot*, there has been no wrongful "maneuver" or "ruse" to create diversity jurisdiction. The parties in this suit have at all times been undisputedly completely diverse. For federal jurisdictional purposes, diversity of citizenship must be determined as of the time of filing the suit. *Bank One v. Montle,* 964 F.2d 48, 49 (1st Cir. 1992); *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 361 (1st Cir. 2001). Here, there was complete diversity at the time of filing. While the Court acknowledges that the inclusion *ab initio* of the absent heir would have defeated diversity, and shut the federal court's door, the undersigned will not pass judgment on a federal Plaintiffs' rightful use of diversity jurisdiction. This Court is hesitant to delve into the minutia or reasoning behind any given plaintiff's litigation strategy or choice of forum so long as the Court has original jurisdiction over the suit, as it does here. Diversity gives the federal district courts original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiffs fully complied with those statutory requirements. It appears to this Court, therefore, that it would be unfair for the present federal Plaintiffs to be denied their rights as co-heirs to exercise an action belonging to their decedent father in benefit of the common estate merely because another co-heir is not diverse.

To conclude, the Court is loath to support the adoption of a hard-and-fast rule requiring all heirs to be joined to a suit in order to assert a survivorship action in a tort case, especially when the Puerto Rico Supreme Court, and multiple courts in this District, have ruled otherwise. In this Court's view, a finding that a missing heir is necessary and indispensable for the continuance of a survivorship action is

impractical and could turn out to be inherently unfair to the members of the estate. The Court also opines that a requirement for joinder of all heirs to exercise an action belonging to the decedent in benefit of the common estate is contrary to the nature of an estate, which under Puerto Rico law, "is not an entity distinct and separate from the persons composing it" and "does not have existence by itself as a juridical person or entity." *Pino-Betancourt*, 928 F. Supp. 2d at 396.

### III. Conclusion

After careful consideration of the parties' theories, the applicable law and jurisprudence, the Court finds that the Hospital failed to demonstrate the elements necessary for the Court to find that Rafael Pagán is a necessary party under Fed. R. Civ. P. 19(a), or an indispensable party under Fed. R. Civ. P. 19(b), to the survivorship action filed in this case. *See*, *Pujol,* 877 F.2d at 132. The Court thus sides with the opinion that members of an estate are not necessary or indispensable parties in a survivorship cause of action. *See, Arias-Rosado*, 111 F. Supp. 2d at 99–100. In equity and good conscience, the Court finds that the present action may proceed as filed and the absent heir need not be joined for Plaintiffs to assert the survivorship action. The motion to dismiss at Docket No. 28 is therefore **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of April 2022.

MARSHAL D. MORGAN
United States Magistrate Judge